# Richmond

ALLEN CARROLL PRUITT v. WILLIAM MOULTRIE GUERRY, JUDGE OF
THE CORPORATION COURT OF THE CITY OF NORFOLK, VIRGINIA AND
ALFRED W. WHITEHURST, COMMONWEALTH'S ATTORNEY
FOR THE CITY OF NORFOLK, VIRGINIA.

October 13, 1969.

Record No. 7289.

Present, Snead, C. J., and I'Anson, Carrico, Gordon and Harrison, JJ.

*Conrad C. Lewane* (*White, Roberts, Cabell & Paris,* on brief), for petitioner.

*Reno S. Harp, III, Assistant Attorney General* (*Robert Y. Button, Attorney General,* on briefs, for respondents.

BUCHANAN, J., delivered the opinion of the court.*

On July 11, 1969, Allen Carroll Pruitt, petitioner, filed in this court a petition for a writ of prohibition, Code ch. 31, § 8-704, *et seq.* He alleged in his petition that on April 11, 1969, he had petitioned the Judge of the Corporation Court of the City of Norfolk to dismiss "the indictment of March 3, 1969" (not otherwise identified), on the ground that petitioner had been denied his statutory and constitutional rights as a juvenile; and that his trial for a crime allegedly committed

*This opinion was prepared by former Justice Buchanan before his retirement and is adopted as the opinion of the court.

as a juvenile, without assuring to him "the same rights as he should have had when he was originally tried as a juvenile," would deprive him of due process of law.

The petition further alleged that said Judge of the Corporation Court had denied his petition and he prayed that this court issue a writ of prohibition restraining said judge and the Commonwealth's Attorney of the City of Norfolk from taking any further action against him.

The reference to the indictment of March 3, 1969, presumably is to an indictment returned pursuant to our opinion in the case of *Pruitt* v. *Peyton*, 209 Va. 532, 535-536, 165 S. E. 2d 288, 290, a habeas corpus proceeding.

Pruitt, on pleas of guilty, had been convicted of robbery and first-degree murder and sentenced to life imprisonment for each offense. He filed a petition for a writ of habeas corpus in the Corporation Court of the City of Norfolk, asserting that on the hearing before the juvenile judge who sent him to the grand jury his parents were not present and no guardian ad litem had been appointed to represent him as required by Code § 16-172.39 (now Code, § 16.1-173). We found that to be true and consequently held that the conviction and sentence of the petitioner were void. We further held:

> "The petitioner has, of course, long since the termination of the original proceedings below, attained his majority and so cannot be retried as a juvenile. He should, therefore, be tried on new indictments if the Commonwealth proceeds further against him. *Peyton* v. *French, supra,* 207 Va. at 80, 147 S.E.2d at 743-744."

The record in *Pruitt* v. *Peyton, supra,* showed that petitioner was born June 3, 1935, and was seventeen years old when the crimes were committed.

In *Peyton* v. *French, supra,* we held that a preliminary hearing in the juvenile court was a jurisdictional requirement; that its omission rendered the proceeding void and entitled the defendant to be discharged "subject to the right of the Commonwealth to prosecute him again if it be so advised." We emphasized that conclusion in these words:

> "We deem it proper, in affirming the judgment of the court below, to call attention to the fact that the records show petitioner is now 21 years of age and this fact would make it improper under

Code § 16.1-159, as amended, to try him again as a child coming under the purview of the Juvenile and Domestic Relations Court Law. Since he cannot be retried as a juvenile, irrespective of his age at the time the offenses were committed, the proper procedure would be to follow the criminal procedure applicable to an adult. It thus follows that since the circuit court did not have jurisdiction over the petitioner because of the lack of proper proceedings in the juvenile court, the petitioner should be tried on new indictments if the Commonwealth proceeds further against him. See Annotation, 89 A.L.R.2d 507, Juvenile Court—Jurisdiction—Age. *Cf. State* v. *Dehler,* 257 Minn. 549, 102 N.W.2d 696, 89 A.L.R.2d 496." 207 Va. at 80, 147 S.E.2d at 743-744.

Again, in *Gregory* v. *Peyton,* 208 Va. 157, 160, 156 S.E.2d 624, 626, in which a sentence to life imprisonment for armed robbery was voided because of the failure of the juvenile court to appoint a guardian ad litem to represent the juvenile, we repeated that "Since the petitioner has now reached his majority and cannot be retried as a juvenile, he should be tried on a new indictment if the Commonwealth desires to proceed further against him."

Likewise, in *Gogley* v. *Peyton,* 208 Va. 679, 683, 160 S.E.2d 746, 748, we again held that since the petitioner "has now reached his majority and cannot be retried as a juvenile, he should be tried on new indictments if the Commonwealth desires to proceed further against him."

In *Kent* v. *United States,* 383 U.S. 541, 564, 86A S.Ct. 1045, 1059, 16 L.ed.2d 84, 99, the Supreme Court reversed a case in which the juvenile court had failed to make an investigation required by the juvenile law preliminary to waiving jurisdiction. The court said that ordinarily it would direct that the case be remanded to the juvenile court but that "petitioner has now passed the age of 21 and the Juvenile Court can no longer exercise jurisdiction over him."*

No fewer than four times recently this court has held that a defendant who is charged with the commission of a crime when a

---

*The court added: "In view of the unavailability of a redetermination of the waiver question by the Juvenile Court, it is urged by petitioner that the conviction should be vacated and the indictment dismissed. In the circumstances of this case, and in light of the remedy which the Court of Appeals fashioned in Black, supra [122 U.S.App.D.C. 393, 355 F. 2d 104 (1965)], we do not consider it appropriate to grant this drastic relief. * *"

The remedy "fashioned in Black" supplies no ground for dismissing the indictment in the present case.

juvenile and is not validly tried therefor before he reaches twenty-one years of age, is no longer within the jurisdiction of the juvenile court but may be proceeded against as an adult. Such is the holding of many other courts, as may be seen in the Annotation in 89 A.L.R.2d 507, cited in *Peyton* v. *French, supra,* 207 Va. at page 80, 147 S.E.2d at pages 743-744.

We see no sound reason in law or logic to depart from our former conclusions. Accordingly we hold that this defendant, under the facts of this case, may now be indicted and tried in a court of record.

The writ of prohibition sought by the defendant in this case is therefore denied.

*Writ denied.*