**Allen Carroll PRUITT, Appellant,**

v.

**Joseph H. CAMPBELL, Commonwealth Attorney for the City of Norfolk, Appellee.**

**No. 14523.**

United States Court of Appeals, Fourth Circuit.

Argued June 4, 1970.

Decided July 16, 1970.

---

Earl C. Dudley, Washington, D. C., (William E. McDaniels, Williams & Connolly, Washington, D. C., on the brief) for appellant.

Reno S. Harp, III, Asst. Atty. Gen. of Virginia (Andrew P. Miller, Atty. Gen. of Virginia, on the brief) for appellee.

Before HAYNSWORTH, Chief Judge, and BRYAN, Circuit Judge, and WIDENER, District Judge.

WIDENER, District Judge:

Appellant, Allen Carroll Pruitt, filed his complaint under 42 U.S.C. § 1983 in the District Court asking for injunctive relief to restrain his reprosecution on a murder charge presently pending against him in the Corporation Court of the City of Norfolk, Virginia. A memorandum order was entered February 18, 1970 denying injunctive relief and dismissing the complaint. Pruitt appeals from that order. Upon his request, this appeal was accelerated and comes before the court on an abbreviated record. In view of the language in the complaint praying for injunctive relief and "such other and further relief" as the court deems appropriate, and because appellant has urged declaratory relief both in his briefs and oral argument, the complaint is treated as asking for injunctive, or, in the alternative, declaratory relief.

Appellant at the hearing in this court moved to enlarge the record to include the record of a hearing on May 20, 1970, in the pending criminal trial in the Corporation Court of the City of Norfolk in order to show that Virginia does not allow discovery in criminal cases, and to consider the denial of bail and dismissal of a petition for habeas corpus in the United States District Court for the Eastern District of Virginia, at Richmond, Pruitt v. Slayton, No. 290–69–R. This motion will be granted. The court is aware even without the enlarged record that discovery procedures are not allowed in criminal trials in Virginia. See Westry v. Commonwealth, 206 Va. 508, 144 S.E.2d 427 (1965), and Rule 3A:14 and note, Proposed Criminal Rules (not yet adopted), Va. State Bar Association Reports (1969), p. 285. All of the actions taken by appellant to secure relief have some bearing on his case.

The uncontradicted facts of the case, some taken from the briefs of the parties, are:

Appellant was convicted on pleas of guilty to first degree murder and robbery, and, on August 31, 1953, sentenced in the Corporation Court of the City of Norfolk to two concurrent terms of life imprisonment. He was seventeen years of age at the time of commission of the alleged offenses.

In 1964, appellant filed his *pro se* petition for a writ of habeas corpus in the Corporation Court of the City of Norfolk alleging that no guardian *ad litem* had been appointed for him at the time the Juvenile Court declined jurisdiction. The petition was denied in the Corporation Court, but the Supreme Court of Appeals of Virginia reversed and ordered that the writ issue on the ground that the action of the Juvenile Court without the appointment of a guardian *ad litem* rendered the proceeding in the Corporation Court void. Pruitt v. Peyton, 209 Va. 532, 165 S.E.2d 288 (1969). The Commonwealth has secured a new indictment against him on the murder charge and has scheduled a retrial in

conformity with Virginia decisions. See Peyton v. French, 207 Va. 73, 147 S.E.2d 739 (1966).

Subsequent to the issuance of the writ of habeas corpus by the Virginia court, Pruitt has instituted the legal proceedings enumerated below in an attempt to secure his release from custody and prevent his reprosecution.

(1) Pruitt was denied bail in the Corporation Court for the City of Norfolk on March 24, 1969. His motion for bail was also denied by the Supreme Court of Appeals on June 11, 1969.

(2) On April 25, 1969, he filed a proceeding in the U.S. District Court for the Eastern District of Virginia asking that the reprosecution be restrained. The proceeding was set for argument on May 1, 1969 and dismissed by agreement. Pruitt v. Whitehurst, C.A. 161–69–R.

(3) On May 1, 1969, Pruitt filed another proceeding in the same court seeking restraint of his reprosecution, essentially the same relief prayed for here. That case was heard on May 12, 1969, and the motion for preliminary injunction was denied. On August 1, 1969, the case was dismissed. No appeal was taken to this court. Pruitt v. Whitehurst, C.A. 173–69–R.

(4) Pruitt filed an application for a writ of prohibition on July 9, 1969 in the Supreme Court of Appeals of Virginia. The writ was denied and the application dismissed on October 13, 1969. Pruitt v. Guerry, 210 Va. 268, 170 S.E. 2d 1 (1969). No petition for certiorari was filed with the United States Supreme Court, and no stay was then sought.

(5) On July 9, 1969, Pruitt also filed a petition for a writ of habeas corpus and bail in the United States District Court for the Eastern District of Virginia, at Richmond. On May 14, 1970, during the prosecution of this appeal, that action was dismissed without prejudice. No appeal was taken. Pruitt v. Slayton, No. 290–69–R.

(6) On February 9, 1970, while the habeas corpus petition (Pruitt v. Slay-ton) was pending in the same court at Richmond, and without making a motion to hear it, appellant filed the action now before this court in the United States District Court for the Eastern District of Virginia, at Norfolk. Application for temporary relief was denied and the action dismissed on February 18, 1970.

Pruitt was represented in his efforts to secure his release in all of the aforementioned proceedings by skilled, resourceful, employed, counsel.

■ It is appellant's contention in this court that he has been irretrievably deprived of his constitutional rights as the result of juvenile court jurisdiction being improperly declined in 1952, when he was seventeen years old; that there now exists no procedure under Virginia law which can restore those rights to him because he has now attained his majority and the *status quo ante* can never be restored at a second trial; and that the reason is that he is now thirty-four years old and cannot appear at a juvenile hearing with the same prospect of rehabilitation as he might have had at the age of seventeen years. It is his position that any reprosecution in the state courts under such circumstances would be in violation of his constitutional rights and should be enjoined. He also argues that passage of time militates against a fair trial, but has not raised any Sixth Amendment question.

It is appellee's contention that the provisions of 28 U.S.C. § 2283 prohibit such injunction against state court proceedings. For reasons hereinafter stated, we agree with appellee's position and affirm the district court's decision.

Appellant urges the court to reach and decide the issue of the constitutionality of a retrial under the circumstances of his case. Counsel for appellant correctly points out that the district court dismissed the action on the ground that retrial in the circumstances presented here would violate none of appellant's constitutional rights and therefore no federal question was presented. Appellant urges the court to consider first

whether a federal claim is stated before reaching the question of the type of relief which might be appropriate. In support of that position, he cites Avco Corp. v. Aero Lodge No. 735, International Association of Machinists, 390 U. S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968). That case was a review of a federal court order awarding injunctive relief by dissolving a state court injunction which had issued preventing picketing in violation of a collective bargaining agreement. The Supreme Court held that the District Court had jurisdiction over the matter but that injunctive relief was improper. Appellant is correct in citing that case for the proposition that there is a distinction between the claim asserted and the type of relief that may be available. In this proceeding, however, we decline to decide whether appellant has stated a claim for relief for the reasons which are below set forth.

First. Appellant abandoned a proper avenue to the relief sought when he did not petition for a writ of certiorari from the denial of his application for a writ of prohibition in Pruitt v. Guerry, supra. No petition for certiorari was filed with the United States Supreme Court, and no stay was there sought, although the Virginia court had decided the case on the merits instead of on some procedural technicality. The question appellant asks us to decide could have been disposed of in the prohibition case, perhaps by accelerated appeal, in the proper forum. U. S. Supreme Court Rules of Practice, 27 and 43(4); 28 U. S.C. § 2101(f); Atlantic Coast Line Railroad Company v. Brotherhood, etc., 398 U.S. 281, 90 S.Ct. 1739, 26 L.Ed.2d 234 (No. 477, June 8, 1970). Appellant deliberately abandoned his efforts at release by way of prohibition for reasons known only to him.

Second. Appellant has indicated no reason why the relief sought cannot be granted in a habeas corpus proceeding and the court is aware of none. In view of the fact that during this appeal the appellant allowed his habeas corpus proceeding to be dismissed without prejudice, and without noting an appeal, he can file another such proceeding on the same grounds. Appellant is now in the custody of the State, and there appears to be no reason why he cannot seek habeas corpus relief under 28 U.S.C. § 2241. Where habeas corpus is an available remedy, it becomes unnecessary to consider whether declaratory relief may be granted. Martin v. Commonwealth of Virginia, 349 F.2d 781 (4th Cir. 1965). *See also,* Shannon v. Sequeechi, 365 F.2d 827 (10th Cir. 1966), cert. denied 386 U.S. 481, 87 S.Ct. 1175, 18 L.Ed.2d 225, reh. denied, 386 U.S. 1014, 87 S.Ct. 1354, 18 L.Ed.2d 452; Forsythe v. Ohio, 333 F.2d 678 (6th Cir. 1964); Sepulveda v. Colorado, 335 F.2d 581 (10th Cir. 1964), and Waldon v. Iowa, 323 F.2d 852 (8th Cir. 1963), to the effect that the Declaratory Judgment Act 28 U.S.C. § 2201 et seq. may not be used to review the judgments of State or federal courts or as a substitute for post conviction remedies. We have specifically held in Hurley v. Lindsay, 207 F.2d 410 (4th Cir. 1953) that a district court has no jurisdiction to entertain a declaratory judgment action as a substitute for post conviction remedies under 28 U.S.C. § 2255, which must include habeas corpus since relief granted under 28 U.S.C. § 2255 is broader in scope.

Third. Appellant urges this court to enjoin the state court proceedings to retry him on the murder charge. 28 U.S. C. § 2283 proscribes interference by federal courts with state court proceedings except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate any of its judgments. The present case may not be enjoined unless it falls under one of the exceptions enumerated in the statute. The court is aware that the question as to whether 42 U.S.C. § 1983 creates an express authorization within the meaning of 28 U.S.C. § 2283 has been reserved by the Supreme Court. Cameron v. Johnson, 390 U.S. 611, 613 n. 3, 88 S.Ct. 1335, 20 L.Ed.2d 182 (1968). The court is mindful, too,

of the serious consequences that may flow from permitting federal interference with state criminal proceedings arising under state laws. Mr. Justice Frankfurter in Stefanelli v. Minard, 342 U.S. 117, 72 S.Ct. 118, 96 L.Ed. 138 (1951) ably pointed out the disruptive effect of granting injunctive relief in such cases:

> "If we were to sanction this intervention, we would expose every State criminal prosecution to insupportable disruption. Every question of procedural due process of law—with its far-flung and undefined range—would invite a flanking movement against the system of State courts by resort to the federal forum, with review if need be to this Court, to determine the issue. * * *" 342 U.S. 117, 122, 123, 72 S.Ct. 118, 96 L.Ed. 138.

The Supreme Court reaffirmed Stefanelli in Cleary v. Bolger, 371 U.S. 392, 83 S.Ct. 385, 9 L.Ed.2d 390 (1963). See also, Douglas v. City of Jeanette, 319 U. S. 157, 63 S.Ct. 877, 87 L.Ed. 1324 (1943). And more recently, in Atlantic Coast Line v. Brotherhood, etc., 398 U.S. 281, 90 S.Ct. 1739, 26 L.Ed.2d 234 (No. 477, June 8, 1970), the court reviewed the history of 28 U.S.C. § 2283 and concluded that "Proceedings in state courts should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately this Court." 398 U.S. 287, 90 S.Ct. 1743. We therefore adhere to our decision in Baines v. City of Danville, 337 F.2d 579 (4th Cir. 1964) that 42 U.S.C. § 1983 does not create an express authorization for injunctive relief within the meaning of 28 U.S.C. § 2283.

We are not unmindful of the decision in Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966), in which the Supreme Court under District of Columbia statutes reached a result akin to that Virginia reached in the instant case. Neither side urges *Kent* upon us as binding. The specific problems arising in *Kent* are not before us for decision. Such constitutional issues as may be brought about by a retrial of Pruitt only furnished the occasion for our consideration of his present right to federal injunctive or declaratory relief.

To summarize, we adhere to our previous decisions in *Baines,* that injunctive relief is not available to appellant, and in *Hurley,* that declaratory relief is also not available.

The court does not intimate any view as to the merits of the case which may be considered in a subsequent habeas corpus action should that be necessary.

Accordingly, the judgment appealed from is affirmed.