James Arthur BROWN, Petitioner,

v.

J. D. COX, Superintendent of the Virginia State Penitentiary, Respondent.

Misc. No. 385–70–N.

United States District Court, E. D. Virginia, Norfolk Division.

Dec. 1, 1970.

James Arthur Brown, pro se.

Overton P. Pollard, Asst. Atty. Gen. of Virginia, Richmond, Va., for respondent.

## MEMORANDUM ORDER

WALTER E. HOFFMAN, Chief Judge.

The crux of this case lies in the apparent conflicting opinions of Pruitt v. Guerry, 210 Va. 268, 170 S.E.2d 1 (1969), and Redmon v. Peyton, D.C., 298 F.Supp. 1123 (1969), reversed on other grounds, 420 F.2d 822 (4 Cir. 1969).

On August 10, 1963, petitioner was 17 years of age. Accompanied by his 14 year old girl friend, they planned to rob a bus driver on the evening in question. The girl boarded the bus and petitioner followed. Petitioner concealed a hatchet in a paper bag and, when reaching in his pocket as if to pay the fare, proceeded to hit the bus driver with the hatchet, thus rendering permanent brain damage and making him incapable of performing any work for the balance of his life.

Indicted for robbery, petitioner waived trial by jury, was found guilty, and sentenced to life imprisonment in January, 1964. In 1968 petitioner was granted relief on his habeas corpus petition because of the failure to appoint a guardian ad litem at the time petitioner was certified by the Juvenile and Domestic Relations Court of the City of Norfolk to the Corporation Court of the City of Norfolk. Petitioner's prior sentence was vacated and, since he had passed the age involving the jurisdiction of the Juvenile and Domestic Relations Court, he was reindicted for the 1963 robbery of the bus driver and, on his plea of not guilty, was tried to a jury with a resulting verdict of life imprisonment and sentenced in accordance with the jury verdict.

On his direct appeal to the Supreme Court of Appeals of Virginia (R. 10222), petitioner raised the due process issue discussed by District Judge Merhige in Redmon v. Peyton, supra. Petitioner contended that, since he had certain rights guaranteed to him as a juvenile, he could no longer be tried as an adult. After the decision of the Supreme Court of Appeals of Virginia in Pruitt v. Guerry, supra, the petitioner's writ of error was denied as it obviously involved the same legal principle. Since the question presented was before the state's highest court on a direct appeal, it is unnecessary for the petitioner to proceed by way of habeas corpus in the state court and he has exhausted his remedies.

The same question was before the author of this memorandum in Pruitt v. Campbell, Civil Action No. 81–70–N, in early 1970. The court therein stated that, in the opinion of the court, no federal constitutional question was raised which would be tantamount to a violation of the Fourteenth Amendment to the Constitution of the United States in retrying Pruitt as an adult. In the opinion of the United States Court of Appeals for the Fourth Circuit, 429 F.2d 642 (1970), it was stated that the district court "dismissed the action on the ground that retrial in the circumstances presented here would violate none of appellant's constitutional rights and therefore no federal question was presented" but the Court of Appeals affirmed the district court as 28 U.S.C. § 2283 prohibits any injunction against state court proceedings and Pruitt had failed to seek certiorari in Pruitt v. Guerry, supra. The Court of Appeals further stated that its opinion did "not intimate any view as to the merits of the case which may be considered in a subsequent habeas corpus action should that be necessary." [1]

Petitioner's case is in the same status as *Pruitt* if Pruitt had been given a longer sentence which he was required to serve. Petitioner, given the same life sentence, is in a position to attack the

---

1. Pruitt's case is now terminated. He was retried before a jury with a resulting verdict of guilty and punishment fixed at 20 years. Since he had already served 18 years confinement, he was immediately released from custody.

conviction and sentence imposed on retrial.

In *Redmon*, no authority is cited by the district court in holding that Redmon's due process rights had been violated. *Redmon*, decided prior to Pruitt v. Guerry, supra, relies upon § 8 of the Constitution of Virginia, which is akin to the Constitution of the United States and includes the phrase "he shall not be deprived of life or liberty, except by the law of the land." Since Pruitt v. Guerry has now interpreted the law of Virginia, and since this interpretation is binding upon federal courts wherever situated, there remains no state constitutional question for consideration.

The issue was raised in Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966), wherein a boy, 16 years of age at the time of the crimes, had passed the age of 21 when the Supreme Court held that the procedural requirements of the Juvenile Court Act for the District of Columbia had been violated. Kent was indicted, tried and convicted. Under the District of Columbia Code, the district court had the right to "exercise the powers conferred upon the juvenile court." If a federal constitutional question had been directly presented, the Supreme Court could have dismissed the indictment. On this point the court said (383 U.S. 564, 86 S.Ct. 1059):

"Ordinarily we would reverse the Court of Appeals and direct the District Court to remand the case to the Juvenile Court for a new determination of waiver. If on remand the decision were against waiver, the indictment in the District Court would be dismissed. See Black v. United States, [122 U.S.App.D.C. 393, 355 F.2d 104] *supra.* However, petitioner has now passed the age of 21 and the Juvenile Court can no longer exercise jurisdiction over him. In view of the unavailablility of a redetermination of the waiver question by the Juvenile Court, it is urged by petitioner that the conviction should be vacated and the indictment dismissed. In the circumstances of this case, and in light of the remedy which the Court of Appeals fashioned in *Black, supra,* we do not consider it appropriate to grant this drastic relief."

It may be argued that the Supreme Court, in *Kent*, attempted to protect the rights of Kent and place him in the same status as though he were a juvenile by remanding the case to the district court for a new determination of waiver. This was possible under the District of Columbia Code as enunciated in Black v. United States, 122 U.S.App. D.C. 393 at 396, 355 F.2d 104 at 107. The Supreme Court pointed out that the failure to determine the waiver question in a valid manner was not harmless error, and that the juvenile court, where jurisdiction still existed, was primarily the body to make such determination, but that the district court had the legal authority to make this judgment since Kent was now over the jurisdictional age of the juvenile court. In Virginia, however, while the Supreme Court of Appeals has not expressly so stated, it is apparent that the interpretation of the Virginia law is such a court of general criminal jurisdiction has no jurisdiction to make this same determination after the juvenile arrives at the age of 18 years.

It should be noted that the remedy "fashioned in *Black*" supplies no ground for dismissing the indictment in petitioner's case. The Supreme Court of Appeals of Virginia, in interpreting the Juvenile Court Act, has so held. Pruitt v. Guerry, *supra*, footnote 1. Indeed, Virginia has interpreted its own juvenile laws as applying procedural or due process requirements to the time of the certification of the juvenile for proper criminal proceedings in the appropriate court of record, not to the time of the commission of the offense. In the first of a series of cases,[2] Peyton v. French,

---

2. See also: Gregory v. Peyton, 208 Va. 157, 160, 156 S.E.2d 624, 626; Gogley v. Peyton, 208 Va. 679, 683, 160 S.E. 2d 746, 748.

207 Va. 73, 147 S.E.2d 739 (1966), the court said:

"Since he cannot be retried as a juvenile, irrespective of his age at the time the offenses were committed, the proper procedure would be to follow the criminal procedure applicable to an adult. It thus follows that since the circuit court did not have jurisdiction over the petitioner because of the lack of proper proceedings in the juvenile court, the petitioner should be tried on new indictments if the Commonwealth proceeds further against him. See Annotation, 89 A.L.R.2d 507, Juvenile Court—Jurisdiction—Age. Cf. State v. Dehler, 257 Minn. 549, 102 N.W.2d 696, 89 A.L.R.2d 496."

Virginia has, therefore, treated the prior defective juvenile court proceedings as jurisdictional and hence a nullity, except to the extent that a person has served a period of confinement under the previous defective conviction in which event he is entitled to credit upon any sentence imposed by reason of retrial.

It is quite true that § 16.1–176 of the Code of Virginia 1950, dealing with the subject of transfers to courts of record for appropriate criminal proceedings in the event the child is fourteen years of age or over, provides that "[T]he ages specified in this section refer to the age of the child or minor at the time of the alleged commission of the offense" but Virginia's highest court has merely treated this phrase as a jurisdictional matter and not a due process requirement which sets up a bar to a prosecution as an adult.

Squarely in point is State v. Dehler, 257 Minn. 549, 102 N.W.2d 696, 89 A.L.R.2d 496 (1960). In that case a 16 year old boy was indicted in 1941 for the crimes of murder of his mother, father, brother and sister. The proceedings established by the Juvenile Court Act of Minnesota were violated. He was tried, convicted and sentenced to life imprisonment for the death of his mother. A few weeks thereafter the other indictments were dismissed. In 1959, nearly 18 years later, Dehler obtained relief by way of habeas corpus because the proper proceeding in the juvenile court had not been followed and, therefore, the district court did not have jurisdiction to try the offense. On the subject of due process and equal protection of the law, the Minnesota Supreme Court said:

"We do not agree that because Dehler may be tried again he will be deprived of due process or equal protection of the law under U. S. Const. Amend. XIV.

"He contends that he has been deprived of his right to proceedings in juvenile court because of improper construction of the Juvenile Court Act in 1941. We do not believe that being tried now in district court deprives him of the equal protection of the law where he is treated as others similarly situated and has every right to appeal for redress if error is committed on the subsequent trial. 12 Am.Jur., Constitutional Law, § 470; 16A C.J.S. Constitutional Law § 502.

\*　\*　\*　\*　\*　\*

"Nor do we think because Dehler may now be subject to prosecution under the 1941 indictment that he will be deprived of due process of law. Under the record here, as the law is established by the decisions of United States Supreme Court, we do not believe that he has been deprived of that degree of fundamental fairness essential to the very concept of justice." (Citing authorities).

The key to "due process" does not include every technical defect in procedure which may completely defeat a trial on the merits. It encompasses issues which may render a trial fundamentally unfair, but it is not intended to provide an escape hatch for everyone accused of crime. As stated in *Dehler:*

"We believe it would be ridiculous to say that if a person of 16 or 17 years of age commits a murder and escapes detection or apprehension either on a

warrant or indictment until after he reached 18 years of age, or 21 years under the recent changes, he could no longer be proceeded against in the juvenile court or tried by the district court."

As in Minnesota, the courts of record in Virginia (subject to statutory exceptions) have general jurisdiction over all crimes committed within their respective jurisdictions. The limitations imposed by the juvenile laws of Virginia are that certain procedural requirements must be met before the court of record acquires particular jurisdiction over a juvenile.

From the teachings of In Re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), we learn that there are wide differences between the procedural rights accorded to adults and juveniles. The first juvenile court statute was adopted in Illinois in 1899. The underlying reasons for such statutes were occasioned by adult procedures and long prison sentences being imposed upon children.

*Gault* expressly holds that the federal Constitution requires the procedural regularity and the exercise of care implied in the phrase "due process". Time should be made available and care should be used to establish whether the juvenile committed a prank of adolescence or a brutal act threatening serious consequences to himself or society unless corrected. In petitioner's case, the very nature of the crime speaks for itself. It assuredly was no prank of adolescence.

When petitioner obtained relief via the habeas corpus route, the "due process" defects were then abolished. He was in the category of that of a juvenile, nearly 18 years of age, who had absconded or otherwise could not be brought to trial before attaining the age of 18. The juvenile statutes in Virginia and elsewhere were not intended to establish a statute of limitations for the prosecution of a crime.

The petitioner's victory on habeas corpus satisfied the "due process" requirements. The juvenile court proceeding was, in effect, a nullity. Since the validity of the juvenile court proceeding was essential to establish the jurisdiction of the court of record, the latter court's initial proceeding was likewise a nullity. At that stage of the proceeding a new indictment was returned. This constituted the proceeding which then governed the jurisdiction of the court and to which "due process" attached. Peyton v. French, supra.[3]

In disagreement with *Redmon*, we hold that Virginia had the right to retry this petitioner upon a new indictment in a court of general criminal jurisdiction, without regard to the age of the petitioner when he committed the crime, conditioned only that petitioner receive credit for time spent in confinement under the initial invalid proceeding.

For the foregoing reasons, it is ordered that the federal petition for writ of habeas corpus be, and it hereby is, denied and dismissed.

This is a *final* order. Petitioner may appeal *in forma pauperis* by filing a written notice of appeal with the Clerk of the United States District Court, P. O. Box 1318, Norfolk, Virginia 23501, at any time within 30 days from this date. A certificate of probable cause is hereby issued.

The Clerk will forward certified copies of this memorandum order to the petitioner and the Attorney General of Virginia.

---

3. In addition to the Virginia cases and State v. Dehler, *infra*, there is a long list of authorities cited at 89 A.L.R.2d 514 upholding the right of a state court of general criminal jurisdiction to acquire jurisdiction over a defendant who is over the statutory age limit of juvenile court jurisdiction, although he is charged with an offense committed while within that age limit. In addition, see Trujillo v. State, 79 N.M. 618, 447 P.2d 279.