**Cornell Tony LOCKE, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 23, 1973.

Rehearing Denied Feb. 8, 1974.

A. Norrie Wake, Lexington, for appellant.

Ed W. Hancock, Atty. Gen., John M. Famularo, Asst. Atty. Gen., Frankfort, for appellee.

OSBORNE, Justice.

The appellant was indicted, tried and convicted in the Fayette Circuit Court of the offense of armed robbery in that he did on August 17, 1972, by use of a gun, rob Virgil Henderson.

The defendant was born on October 3, 1954, making him 17 years of age at the time of the offense. He was first arrested upon this charge on August 19, 1972 and brought before the Juvenile Court of Fayette County. That court set the matter down for a hearing pursuant to KRS 208.-110(4) and held the hearing on August 21, 1972. After the hearing the defendant was released from custody. Other procedural steps were taken and not until the 31st day of October, 1972 did the court get around to entering an order in the matter. That order provided:

> "That all charges against the within-named child, be and hereby are, dismissed and adjusted informally; that said child be released and discharged from the jurisdiction of the Court; that said child be permitted to settle all charges against him without any restraint upon his liberty or freedoms, nor prosecution for said charges".

Subsequent to the entry of this order, on January 2, 1973, appellant was indicted for the same offense by the Fayette County Grand Jury. Upon this indictment he was convicted and from his conviction he appeals to this court contending:

1. That he was placed in jeopardy as the result of the proceeding in the juvenile court and therefore subsequent proceedings in the circuit court were barred by the Fifth Amendment of the Constitution of the United States and Section 13 of the Constitution of Kentucky.

2. The circuit court did not have jurisdiction for the reason that appellant was under the age of 18 at the time the offense was committed and proceedings were duly instituted against him in the juvenile court.

We believe appellant is in error on both of these contentions. The proceedings against him in juvenile court, under KRS 208.110(4), were nothing more than a hearing in the form of an examining trial to determine if he should be held for a consideration of the charges upon the

merits. The order resulting from this hearing was an order discharging appellant for the reason that there was not sufficient evidence against him to further hold him for disposition of the charges. There is authority that the doctrine of former jeopardy is not applicable to proceedings in juvenile courts, for they are not criminal in nature, see 47 Am.Jur.2d, Juvenile Cases, § 45. However, there is authority that a plea of former jeopardy is applicable to proceedings arising out of juvenile courts where that court proceeds to the merits of the matter, see M. v. Superior Court of Shasta County, 4 Cal.3d 370, 93 Cal.Rptr. 752, 482 P.2d 664, Sawyer v. Hauck, 245 F.Supp. 55 (W.D.Texas). In any event, so far as we have been able to determine what little authority there is on the point is to the effect that a detention hearing which is a preliminary hearing in nature, at which the defendant's liberty is not placed in jeopardy, can not be asserted in a later proceeding as constituting former jeopardy, see United States v. Dickerson, 168 F.Supp. 899 (D.C.). There does not seem to be a great distinction between a detention hearing under the Juvenile Act and a preliminary hearing before a Magistrate in other criminal matters where jeopardy has been held not to attach, see RCr 3.02, 3.04, 3.08, 3.10 and 3.14. The fact that the charges were dismissed by the juvenile judge, in our opinion, has no particular relevancy to the issue. The law of this jurisdiction is that dismissal of charges or even an indictment does not bar a subsequent indictment, see Commonwealth v. Smith, Ky., 244 S.W.2d 724.

■ As to appellant's second contention that the circuit court had no jurisdiction because appellant was under the age of 18 at the time the offense was committed and no valid transfer order had been entered transferring jurisdiction to the circuit court, he cites the cases of Lowry v. Commonwealth, Ky., 424 S.W.2d 841 (1968) and Koonce v. Commonwealth, Ky., 452 S.W.2d 822 (1970), and attempts to distinguish his case from these on the basis that proceedings were commenced in the juvenile court against him at a time when he was under 18 years of age. He points out in the Lowry case no proceedings had been commenced in the juvenile court. In the Koonce case the indictment was returned when there had been no valid transfer and proceedings were still pending in the juvenile court. Appellant's case differs from both of these in that juvenile investigatory proceedings were instituted but culminated in no charge being made and without an adjudicatory trial, thus at the time of the indictment appellant had attained the age of 18 years and there was, at that time, no juvenile proceedings pending.

In Lowry v. Commonwealth, supra, we held that after a juvenile reaches his 18th birthday he may be indicted and tried as an adult even though the offense was committed while he was a juvenile.

While we have not been faced with the specific question presented here, to-wit: can a juvenile, who has been through investigatory stages of juvenile procedure which did not reach the adjudicatory stages be indicted and tried as an adult, this question has been met and dealt with in other jurisdictions, see Pruitt v. Guerry, 210 Va. 268, 170 S.E.2d 1 (1969) wherein the court states:

"No fewer than four times recently this court has held that a defendant who is charged with commission of a crime when a juvenile and is not validly tried therefor before he reaches eighteen years of age, is no longer within the jurisdiction of the juvenile court but may be proceeded against as an adult".

See also D'Urbano v. Commonwealth, 345 Mass. 466, 187 N.E.2d 831 (1963).

From the foregoing we are of the opinion that no jeopardy attached as the result of the proceedings under KRS 208.110(4), therefore, appellant was not placed in jeopardy and that the investigatory proceed-

ings, once terminated, will in no way bar later indictment and prosecution.

The judgment is affirmed.

PALMORE, C. J., and MILLIKEN, JONES, OSBORNE, REED and STEPHENSON, JJ., sitting.

All concur.