Charles Warren POLLARD, Petitioner,

v.

Walter M. RIDDLE, Respondent.

Civ. A. No. 75–0028–R.

United States District Court,
E. D. Virginia,
Richmond Division.

Aug. 27, 1976.

James W. Featherstone, III, Hunton & Williams, Richmond, Va., for petitioner.

Linwood T. Wells, Jr., Asst. Atty. Gen., Richmond, Va., for respondent.

MEMORANDUM

MERHIGE, District Judge.

Petitioner, a Virginia prison inmate, brings this action under 28 U.S.C. § 2254 in which he attacks a 1960 state court conviction which provides the basis for a subsequent recidivist sentence. Jurisdiction is alleged under 28 U.S.C. § 2241(a). The matter comes before the Court on petitioner's motion for summary judgment and respondent's response thereto.

The parties are, with slight exception, in agreement as to the facts. In 1960, the petitioner, then not quite 15 years of age, was arrested and charged in a petition filed in the Juvenile and Domestic Relations Court of King and Queen County, Virginia for the offenses which, if committed by an adult, could be punishable by confinement in the penitentiary. The Juvenile Court ordered an investigation of petitioner's physical, mental and social condition as well as the facts and circumstances surrounding the alleged offenses. The investigating agency recommended that petitioner be committed to the State, specifically for treatment at the Thorpe Home for Negro Boys, as there was in its view prospects of rehabilitation.

Notwithstanding the recommendation, the Juvenile Court certified the petitioner for trial as an adult by the Circuit Court of King and Queen County, Virginia. The certification order did not specify reasons for treating petitioner as an adult in light of the recommendation to the contra. Petitioner was thereupon indicted for murder, arson and grand larceny. When the indictments were presented, the Circuit Court entered an order purporting to confirm all that had been done by the Juvenile Court, including certification of the petition for trial as an adult. This order likewise failed to specify reasons for certification.

The petitioner was tried and convicted on the murder indictment. The Court then accepted the petitioner's guilty pleas to the arson and larceny charges. Petitioner was sentenced to a term of twenty years on the murder conviction, five years for arson to run concurrent with a three year sentence imposed for larceny. These sentences were subsequently commuted to a total of twenty-four years. In 1969, petitioner was paroled. In 1972, however, he was convicted of rape and sentenced to forty years. Following the rape conviction, the petitioner's parole was revoked and he was given a recidivist sentence of two years, one year and three months of which were suspended during good behavior. Upon serving the rape sentence, the petitioner will thereafter serve the portion of the King and Queen sentences remaining to be served upon revocation of parole and the recidivist sentence.

Petitioner, in this action, attacks the 1960 King and Queen convictions. Petitioner contends that the failure of both the Circuit Court and the Juvenile Court to specify reasons for certifying him for trial as an adult denied him due process of law. Petitioner further submits that the only effective relief in this instance is the voiding of the King and Queen convictions and the recidivist sentence.

Petitioner has not presented these issues to the Virginia courts. It is clear, however, that he presently has no effective remedy at state law. His entitlement to relief is bottomed on the acceptance of two legal propositions: (1) that *Kent v. United States*, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966) establishes constitutional requirements applicable to juvenile certification proceedings; and (2) that such requirement should be retroactively applied to certification proceedings completed prior to the date *Kent* was decided. The Virginia Supreme Court has expressly rejected the constitutional dimensions of the *Kent* decision. *Cradle v. Peyton*, 208 Va. 243, 156 S.E.2d 874, 877 (1967).

The Virginia courts, moreover, are powerless to afford the petitioner the requested relief. A juvenile who is improperly certified for trial as an adult and subsequently attains majority status, has no alternative under Virginia law but to retrial as an adult. The Courts of Virginia have no jurisdiction to award additional relief.

*See, Matthews v. Commonwealth,* 216 Va. 358, 218 S.E.2d 358 (1975); *Pruitt v. Guerry,* 210 Va. 268, 170 S.E.2d 1, 3 (1969); *Peyton v. French,* 207 Va. 73, 147 S.E.2d 739, 743 (1966). The Court is not satisfied in light of the interceding sixteen years between the alleged improper certification and this action that retrial as an adult would be an appropriate remedy in the event that petitioner prevails on the merits. *See, Redmon v. Peyton,* 298 F.Supp. 1123, 1128 (E.D.Va.), *rev'd on other grounds,* 420 F.2d 822 (4th Cir. 1969). *Cf. Powell v. Hocker,* 453 F.2d 652 (9th Cir. 1971); *James v. Cox,* 325 F.Supp. 15, 21–24 (E.D.Va.1971). As the Virginia courts have expressly rejected the premise of petitioner's substantive argument, and would not, in any event, grant effective relief upon the showing of a constitutional violation, resort to the state courts would be an act of futility. Under these circumstances, exhaustion is not required. *Ham v. North Carolina,* 471 F.2d 406 (4th Cir. 1973); *Perry v. Blackedge,* 453 F.2d 856 (4th Cir. 1971), *aff'd,* 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974).

■ This Court recently concluded that *Kent* entitles a juvenile to the assistance of counsel, a hearing, and a statement of reasons and certification proceedings in Virginia Juvenile Courts. *Inge v. Slayton,* 395 F.Supp. 560, 566–67 (E.D.Va.1975). In granting relief in that case, the Court found *Kent* to be of constitutional stature warranting retroactive application. *Cf., Kemplen v. Maryland,* 428 F.2d 169 (4th Cir. 1970); *Woodall v. Pettibone,* 465 F.2d 49 (4th Cir. 1972). In the absence of controlling authority to the contra, the Court adheres to its views expressed in *Inge v. Slayton, supra. But see Bombacino v. Bensiger,* 498 F.2d 875 (7th Cir. 1974) (Judge Stevens); *Harris v. Procunier,* 498 F.2d 576 (9th Cir. 1974) (en banc).

■■ Petitioner's state court records do not contain a statement of reasons why he was certified to be tried as an adult notwithstanding the recommendation to the contra. The respondent is not willing to concede, however, that no reasons were given. The Supreme Court has made it clear

that the statement of reasons to which the petitioner was entitled, need not adhere·to any particular form. The statement merely must sufficiently "demonstrate that the statutory requirement of 'full investigation' has been met; and that the question has received the careful consideration of the Juvenile Court; and it must set forth the basis for the order with sufficient specificity to permit meaningful review." *Kent v. United States, supra,* 383 U.S. at 561, 86 S.Ct. at 1057. Whether the petitioner was informed of the reasons for his certification as an adult and, if so, whether on the facts of this case, the procedure utilized comports with the heretofore quoted standard to present material issues of fact to which there is dispute. Accordingly, a hearing is required. The appropriate remedial measures, if any, to be taken, should the petitioner prevail will be considered at that time. *See Woodall v. Pettibone,* 465 F.2d 49, 52–53 (4th Cir. 1972).

An appropriate order will issue.