# Staunton

WILLIAM CLIFTON GREGORY v. C. C. PEYTON, SUPERINTENDENT OF THE VIRGINIA STATE PENITENTIARY.

September 8, 1967.

Record No. 6433.

Present, All the Justices.

*Robert M. Harcourt* for plaintiff in error.

*Reno S. Harp, III*, Assistant Attorney General (*Robert Y. Button*, Attorney General on brief), for defendant in error.

EGGLESTON, C.J., delivered the opinion of the court.

On May 4, 1965 William Clifton Gregory filed in the court below a petition for a writ of habeas corpus, which was later amended, attacking the validity of a judgment entered by that court on January 17, 1964 sentencing him to life imprisonment for armed robbery. Counsel was appointed to prosecute the petition. Petitioner alleged, inter alia, that at the time of his conviction he was sixteen years of

age; that his constitutional rights were violated in that his arrest and trial in the Juvenile and Domestic Relations Court of the city of Norfolk were contrary to the provisions of the Juvenile and Domestic Relations Court Law; that no guardian at litem was appointed to represent him at his trial in the juvenile court; that he was not advised of his right to counsel at that hearing; and that he was denied the effective assistance of counsel at his subsequent trial in the Corporation Court of the city of Norfolk.

After the respondent Superintendent of the State Penitentiary had filed a general denial there was an ore tenus hearing, at the conclusion of which the lower court entered an order denying the writ and dismissing the petition. Hence this appeal.

The record shows that on Saturday, August 17, 1963 the petitioner was arrested by two police officers, without a warrant, and lodged in the Norfolk city jail. Questioned by the police, he was told that he was held for the armed robbery of a bus driver which had occurred on July 18, 1963. On Monday, August 19, there was a hearing before the judge of the juvenile court on the petitions filed against Gregory and two other juvenile defendants charging them with armed robbery. The investigating officer testified that they had been questioned about the robbery of the driver of a Virginia Transit Company bus and had admitted that they had participated in the robbery and had taken the sum of approximately $79 from the person of the driver. Gregory's mother and the mothers of the other defendants were present at this hearing. At the conclusion of the hearing the judge of the juvenile court entered this order:

> "Under these circumstances, I find them within the purview of the Juvenile Court Law and refer them to the Probation Department for an investigation, to be made in Grand Jury form. Continued to September 3, 1963 for the purpose of making this investigation. To remain in Norfolk City Jail in default of bond."

Pursuant to this order, there was another hearing in the juvenile court on September 3. The record of that court is silent as to what occurred at this hearing other than that the three juveniles, including Gregory, were "certified to the Corporation Court of the city of Norfolk, October 1963 Term. Bond continued. $20,000." It is not disclosed by that record whether Gregory's mother was present at the hearing or whether a guardian ad litem was appointed to represent his interests. However, the undisputed evidence at the habeas

corpus hearing is that the mother was not present nor was a guardian ad litem appointed to represent him.

At the October, 1963 term of the Corporation Court Gregory and the two other juveniles were jointly indicted for armed robbery. The defendants being indigent, a member of the local bar was appointed to represent them. Upon arraignment Gregory and the other juveniles entered pleas of guilty to the charges preferred against them. Tried by the court without a jury, Gregory was found guilty of the charge of armed robbery and, after consideration of a probation report, sentenced on January 17, 1964 to life imprisonment.

After hearing the evidence at the habeas corpus proceeding the lower court held that the claims asserted on behalf of Gregory—that his arrest and trial in the Juvenile and Domestic Relations Court, including the failure of that court to appoint a guardian ad litem to represent him—were "irregularities" which were "totally immaterial" on the issue of the validity of his judgment of conviction. It further held that the petitioner Gregory had failed to sustain his allegation that he had been ineffectively represented by his court-appointed counsel at the trial in the Corporation Court. Consequently, it denied the writ.

[1] Code § 16.1-172 [Repl. Vol. 1960] provides that no hearing shall be held on a petition filed against a juvenile under eighteen years of age in the juvenile and domestic relations court "until the parent or parents of the child, if residing within the State," have been notified. Section 16.1-173 provides that if no person required to be notified under § 16.1-172 is present in court at the time of the hearing, before proceeding with the hearing the court *shall* appoint a probation officer or a discreet and competent attorney at law as guardian ad litem to represent the interests of the child, and such guardian ad litem shall be present at the hearing.

In *Peyton* v. *French*, 207 Va. 73, 147 S. E. 2d 739 (1966), decided since the disposition by the lower court of the present habeas corpus proceeding, we held that the failure of the juvenile court to appoint a guardian ad litem to represent the interests of a juvenile was a violation of the mandatory provisions of Code § 16.1-173, and a denial of due process guaranteed to him under Section 8 of the Constitution of Virginia; that "a preliminary hearing in the juvenile court" is "jurisdictional and not procedural," and that the failure of the juvenile court to comply with the applicable provisions of the Juvenile and Domestic Relations Court Law rendered the subsequent proceeding

in the criminal court void. 207 Va. at 79, 80, 147 S. E. 2d at 743.

For the same reason we hold in the present case that because of the failure of the juvenile court to appoint a guardian ad litem to represent this child at the hearing on September 3, 1963, the subsequent proceeding against him and his conviction in the Corporation Court were void. Accordingly, his petition for a writ of habeas corpus should have been granted. Having reached this conclusion it is not necessary that we decide the other questions discussed in the briefs.

[2] Since the petitioner has now reached his majority and cannot be retried as a juvenile, he should be tried on a new indictment if the Commonwealth desires to proceed further against him. *Peyton* v. *French, supra,* 207 Va. at 80, 147 S. E. 2d at 743, 744.

*Reversed.*