## Richmond

JAMES PAUL GOGLEY, JR. v. C. C. PEYTON, SUPERINTENDENT
OF THE VIRGINIA STATE PENITENTIARY.

April 22, 1968.

Record No. 6583.

Present, All the Justices.

*Jay M. Ball* for plaintiff in error.

*Reno S. Harp, III, Assistant Attorney General* (*Robert Y. Button, Attorney General,* on brief), for defendant in error.

EGGLESTON, C.J., delivered the opinion of the court.

On May 6, 1966 James Paul Gogley, Jr., filed in the court below a petition for a writ of habeas corpus attacking the validity of two judgments entered against him by that court on September 18, 1962, one convicting him of robbery and the other of grand larceny, and sentencing him to confinement in the State Penitentiary for a term of ten years on the robbery charge and two years on the larceny charge, the sentences to run consecutively. He alleged that both judgments were void because at the time of his trial and conviction he was sixteen years of age, that no guardian ad litem was appointed to represent him at his trial in the juvenile court, and that he was denied the effec-

tive assistance of counsel at the subsequent trial in the Corporation Court of the City of Norfolk, Part Two.

After the respondent Superintendent of the State Penitentiary had filed a general denial there was an ore tenus hearing, at the conclusion of which the lower court entered an order denying the writ and dismissing the petition. Counsel was appointed by the lower court to prosecute this appeal from that order.

The record shows that on or about July 1, 1962 the petitioner was taken into custody by Norfolk police officers and held as a runaway from the State of Ohio. He escaped with another prisoner on July 4, and some two weeks later they were apprehended in New Jersey and returned to Norfolk.

On July 17, 1962 there was a hearing in the Juvenile and Domestic Relations Court of the City of Norfolk on the charges against the petitioner. At this hearing the petitioner was not represented by counsel, his parents were not present, and no guardian ad litem was appointed for him. As a result of this hearing the charges against the petitioner were certified to the grand jury which shortly thereafter indicted him for robbery and grand larceny. Counsel was appointed by the lower court to represent him. Upon a plea of not guilty to the charge of robbery and a plea of guilty to the charge of larceny, the petitioner, by consent, was tried by the court without a jury which entered the judgments complained of.

Upon consideration of the evidence in the habeas corpus proceeding the lower court held that the petitioner had not sustained the charge of ineffective assistance of counsel. We find that the evidence on that phase of the case, which the court has accepted as true, amply supports this holding.

The lower court also held that no guardian ad litem had been appointed to protect the interests of the petitioner in the juvenile court, as is required by Code § 16.1-173 [Repl. Vol. 1960]. But it further held that while the requirement for the appointment of such a guardian ad litem is mandatory and jurisdictional under our holding in *Peyton* v. *French*, 207 Va. 73, 147 S. E. 2d 739 (1966), that decision should be given only prospective effect and applied to proceedings in a juvenile court held since the date of that decision, April 25, 1966, and should not be applied retrospectively to the hearing which was held in the present case on July 17, 1962. For the reasons to be stated, we disagree with the holding that the principles announced in the *French* case should not be applied to the hearing of the charges against the petitioner in the juvenile court.

In concluding that the decision in the *French* case should not be applied retrospectively, the lower court relied upon *Linkletter* v. *Walker*, 381 U. S. 618, 85 S. Ct. 1731, 14 L. ed. 2d 601 (1965), *Tehan* v. *United States ex rel. Shott*, 382 U. S. 406, 86 S. Ct. 459, 15 L. ed. 2d 453 (1966), and *Johnson* v. *State of New Jersey*, 384 U. S. 719, 86 S. Ct. 1772, 16 L. ed. 2d 882 (1966).

In *Linkletter* the Supreme Court held that the exclusion of illegal evidence under *Mapp* v. *Ohio*, 367 U. S. 643, 81 S. Ct. 1684, 6 L. ed. 2d 1081 (1961), should not be applied retroactively. In *Tehan* it was held that the prohibition against adverse comment by a prosecutor or trial judge upon a defendant's failure to testify in a state criminal trial should not be given retrospective effect. In *Johnson* it was decided that *Escobedo* v. *State of Illinois*, 378 U. S. 478, 84 S. Ct. 1758, 12 L. ed. 2d 977 (1964), and *Miranda* v. *State of Arizona*, 384 U. S. 436, 86 S. Ct. 1602, 16 L. ed. 2d 694 (1966), holding that an accused was entitled to the assistance of counsel during certain interrogation, should not be applied retroactively.[1]

In our view the holdings in those cases relied on by the lower court are not applicable to the present case. Those cases dealt with what is characterized in *Johnson* v. *State of New Jersey, supra*, as "constitutional rules of criminal procedure laid down in recent years." 384 U. S. at 727, 86 S. Ct. at 1778, 16 L. ed. 2d at 889. The conviction in each of those cases was voided because the required constitutional procedure had not been followed. The conviction in *French* was voided because the circuit court was without jurisdiction of the proceeding, for, as we there said, that court "derived its purported jurisdiction through the action taken in the juvenile court," and the failure of the juvenile court to follow the mandatory provisions of the law and have a guardian ad litem appointed "rendered the circuit court proceedings void." 207 Va. at 79, 80, 147 S. E. 2d at 743. This holding was approved and applied in *Gregory* v. *Peyton*, 208 Va. 157, 159, 160, 156 S. E. 2d 624, 625 (1967).[2]

*Stovall* v. *Denno*, 388 U. S. 293, 297, 87 S. Ct. 1967, 1970, 18 L. ed. 2d 1199, 1203, pointed to these criteria for determining whether a decision should be given retroactive or prospective effect: "(a) the purpose to be served by the new standards, (b) the extent of the

---

[1] See also, *Stovall* v. *Denno*, 388 U. S. 293, 87 S. Ct. 1967, 18 L. ed. 2d 1199 (1967), and *Cradle* v. *Peyton*, 208 Va. 243, 247, 156 S. E. 2d 874, 877 (1967), and concurring opinion, *id.* at 260 *ff.*, 156 S. E. 2d at 885 *ff.* These decisions were announced subsequent to the trial of the present case in the court below.

[2] In this latter case the point that the decision in *French* should not be applied retrospectively was not raised.

reliance by law enforcement authorities on the old standards, and (c) the effect on the administration of justice of a retroactive application of the new standards." [3] It is clear, we think, that the question now before us cannot be resolved by the application of these criteria.

The obvious purpose "to be served by the new standards," in the cases with which the Supreme Court was concerned, was to promote a full and fair hearing of the charges against a defendant. While the purpose of the holding in *French* was to protect the interests of a juvenile by the appointment of a guardian ad litem to represent him, there could have been no full and fair hearing of charges against him in a court of record if that court was without jurisdiction of the proceeding. For jurisdiction of the person and the proceeding is the very basis of a full and fair hearing at a criminal trial.

Again, one of the prescribed criteria is "the extent of the reliance by law enforcement authorities on the old standards." We are aware of no reliance on any standards which would justify the failure of a court to comply with the mandatory requirement for the appointment of a guardian ad litem in a proceeding against an infant in a juvenile court. On the contrary, it has long been the law in this State that an adverse ruling against an infant is void without the required appointment of a guardian ad litem to protect his interests. 9 Mich. Jur. Infants § 29, p. 738.

Finally, the effect on the administration of justice of a retroactive application to the present case of the principles announced in *French* is entirely speculative. There is an entire lack of information as to the number of defendants whose convictions may be voided for the failure to appoint a guardian ad litem for them in a juvenile hearing. In this situation, we cannot say that the number of required new trials will disrupt the orderly administration of justice. Thus the application of this formula throws no light on the question presented to us here.

In our opinion, the lower court erred in holding that the principles announced in the *French* case should not be applied retrospectively to the hearing of the charges against the petitioner in the juvenile court on July 12, 1962. For the reasons stated in that case, the failure of the juvenile court to appoint a guardian ad litem to protect the interests of the petitioner rendered the subsequent proceeding and his conviction in the criminal court void. Accordingly, the petition for a writ of habeas corpus should have been granted.

---

[3] These criteria were applied in *Cradle* v. *Peyton, supra,* 208 Va. at 247, 156 S. E. 2d at 877; concurring opinion, *id.* at 260, 156 S. E. 2d at 886.

Since the petitioner has now reached his majority and cannot be retried as a juvenile, he should be tried on new indictments if the Commonwealth desires to proceed further against him. *Peyton* v. *French, supra,* 207 Va. at 80, 147 S. E. 2d at 743, 744; *Gregory* v. *Peyton, supra,* 208 Va. at 160, 156 S. E. 2d at 626.

*Reversed.*