# Richmond

PHILLIP JONES V. COMMONWEALTH OF VIRGINIA.

November 27, 1972.

Record No. 7974.

Present, Snead, C.J., Carrico, Harrison, Cochran, Harman and Poff, JJ.

*Claude C. Farmer, Jr. (Bremner, Byrne & Baber,* on brief), for plaintiff in error.

*Robert E. Shepherd, Jr., Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for defendant in error.

HARRISON, J., delivered the opinion of the court.

The defendant, Phillip Jones, was proceeded against in the court below as a recidivist, having been four times convicted of felonies and sentenced to confinement in the penitentiary. The lower court adjudged that the defendant serve an additional 15 years in the penitentiary, with 7 years of that term suspended. Defendant appeals, alleging that the trial court erred in overruling his motion to dismiss the information filed against him on the ground that one of the convictions, forming the basis of the recidivist charge, was void.

Defendant was arrested in the City of Portsmouth on July 18, 1949 and charged with unlawfully and feloniously breaking and entering a storehouse and dwelling during the nighttime. Thereafter a

warrant was issued by the judge of the Juvenile and Domestic Relations Court directing that defendant, who was then 17 years old, be brought before that court to answer the charge. The warrant shows that defendant was examined on July 30, 1949 and "sent on to the September, 1949 term of the Court of Hustings for the City of Portsmouth". Jones was subsequently indicted, convicted and sentenced to confinement in the penitentiary for a term of 18 months. He was represented at the trial by a court-appointed attorney.

At the recidivist trial defendant testified on direct examination that his parents were not present at the hearing before the juvenile court in July, 1949, and that no guardian *ad litem* was appointed for him at that time. On cross-examination he admitted that he remembered very little about the hearing which occurred some 22 years ago. He recalled that the judge and prosecutor were present, as was the policeman who had arrested him, and "there was a man there" who claimed defendant broke into his house. Defendant was asked: "Now, really—you don't really remember what happened 22 years ago. There could have been a lawyer there for you and you just may not remember it. Isn't that correct?" He answered: "Possible. I can't say." Jones acknowledged that counsel was appointed for him at his trial in the Hustings Court, but stated he had never seen the attorney prior to trial. He admitted that counsel could have been present at the juvenile hearing as well, although he couldn't recall the fact.

In *Peyton* v. *French*, 207 Va. 73, 147 S. E. 2d 739 (1966), the juvenile court failed to appoint a guardian *ad litem* to represent the interest of a juvenile offender. We held that such failure was violative of Code § 16.1-173 and was jurisdictional and not procedural, thus rendering void the subsequent proceedings in the court of record. In *Pruitt* v. *Peyton*, 209 Va. 532, 165 S. E. 2d 288 (1969), and with *French* as our precedent, we likewise held that the failure to appoint a guardian *ad litem* voided the convictions and sentences of the petitioner.

The Commonwealth contends that the burden was upon Jones to prove that his parents had not been served with a summons, and were not present, or that a probation officer or attorney was not appointed as guardian *ad litem* to represent the interests of defendant and was not present at the hearing.

Defendant's first trial was had 22 years ago when he was 17 years old. Although he conceded the "possibility" that the juvenile court

could have appointed a lawyer for him at his hearing in the Juvenile and Domestic Relations Court in July, 1949, his testimony was that his parents were not present and that a guardian *ad litem* was not appointed for him. Further, and more important here, the warrant upon which Jones was tried and the official records of the court are completely silent as to any notification of the parents, certification by the judge as to such notification, the presence of the parents at the trial, the appointment of a probation officer or guardian *ad litem* to represent defendant, and the presence of either of the latter two at the trial.

Code §§ 63-269 and 63-272 (1948) delineated the situations in which a guardian *ad litem* need be appointed. The Attorney General summarizes them to be essentially as follows:

"(1) When a petition is filed, a summons is to be issued directed to the child and the child's parents, guardian or the person standing in loco parentis, requiring them to appear in the juvenile court at the time set forth in the summons.

"(2) If the parents, guardian or person standing in loco parentis have not been served with the summons in (1) above *and* are not present in court, then the court must appoint a probation officer or an attorney to act as guardian *ad litem* and the guardian *ad litem* must be present at the hearing."

Code § 63-273 (1948) provided:

"In no case shall the trial proceed until the parents or parent of such child, if residing within the State, have been duly notified of the pendency of such proceedings, unless the judge shall certify on his record that diligent efforts have been made to locate and notify such parents without avail."

We find nothing in the record, either exhibits or testimony, that shows compliance with the mandatory provisions of the Juvenile and Domestic Relations Court Law, as it existed in July, 1949. The pertinent provisions of this law, as amended from time to time, have been the subject of numerous decisions by this court. *Pruitt* v. *Peyton, supra; Peyton* v. *French, supra; Gregory* v. *Peyton,* 208 Va. 157, 156 S. E. 2d 624 (1967); *Gogley* v. *Peyton,* 208 Va. 679, 160 S. E. 2d 746 (1968). And, significant changes in philosophy regarding juvenile proceedings have taken place since Jones was tried in 1949.

However, the requirement that the parents of an infant defendant charged with a crime have notification of the time and place of his trial and an opportunity to be present has remained constant. We held in *Gogley* that *French* should be applied retroactively. The defendant correctly asserts that our decision here is controlled by prior decisions of this court, especially *French* and *Pruitt*, and that *Mickens* v. *Commonwealth*, 178 Va. 273, 16 S.E. 2d 641 (1941), has been impliedly overruled.

It thus follows that since the Court of Hustings for the City of Portsmouth did not have jurisdiction over Jones because of the lack of proper proceedings in the Juvenile and Domestic Relations Court, his conviction on October 18, 1949 is void. Accordingly, defendant's conviction on September 8, 1971 is reversed, and the case is remanded for further proceedings consistent with this opinion.

*Reversed and remanded.*