466 S.E.2d 772

**Khalid KARIM, Sometimes Known as Khalid Y. Karim**

v.

**COMMONWEALTH of Virginia.**

**Record No. 1711–94–4.**

Court of Appeals of Virginia,
Alexandria.

Feb. 13, 1996.

654

From the Circuit Court of Fairfax County; F. Bruce Bach, Judge.

Michael J. Cassidy, Fairfax, for appellant.

John K. Byrum, Assistant Attorney General (James S. Gilmore, III, Attorney General; Robert B. Condon, Assistant Attorney General, on brief), for appellee.

Present: ELDER and ANNUNZIATA, JJ., and DUFF, Senior Judge.

DUFF, Senior Judge.

Khalid Karim was convicted of murder and abduction. At the time of the crimes, Karim was seventeen years old. On appeal, he contends that the circuit court lacked jurisdiction to convict him because the juvenile and domestic relations district court (juvenile court) improperly transferred the case to the circuit court. He also contends that his retrial twice placed him in jeopardy, and that the trial court erred in refusing to grant a mistrial during his retrial. We agree that, by failing to follow mandatory procedures for initiating actions against a juvenile, the juvenile court lacked jurisdiction over this matter. Because the juvenile court lacked jurisdiction to transfer the case to the circuit court, the circuit court did not acquire jurisdiction. Accordingly, the order of conviction is vacated and the case is remanded.

## BACKGROUND

Appellant was arrested and charged with multiple offenses relating to a July 31, 1993 shooting incident in which one youth was killed and two others were wounded. On August 5, 1993, Investigator Edward R. Guckenberger filed a petition with the juvenile court asking that appellant, a juvenile, "and the persons having his or her custody and control be summoned to appear before" the juvenile court judge. Guckenberger listed a specific Alexandria address for appellant as

well as a phone number. In the space for the parents' names and addresses, Guckenberger wrote "Unknown to Petitioner."

The juvenile court appointed Marlene Hahn as appellant's guardian *ad litem.* A summons was personally served on appellant on August 6, 1993. A copy of the petition was attached to the summons.

The juvenile court record contains an August 6, 1993 order appointing two attorneys (Cassidy and Adams) to represent appellant. The juvenile record also contains a document entitled "Record of Proceedings." It is signed by the juvenile judge and is dated August 6, 1993. The document indicates "[t]hat Probable Cause to detain is Found," and the Court ordered that appellant be held at Landmark Detention Center.

On September 22, 1993, the Commonwealth's Attorney filed a notice of intent to certify appellant for trial as an adult. On October 7, 1993, the juvenile court conducted a hearing "to determine whether or not there is probable cause to believe that an offense had occurred." The record contains appellant's motion to dismiss that was filed on October 7, 1993. In that motion, he asserted that the juvenile court failed to follow the notice requirements of Code § 16.1–263.[1]

The following dialogue took place at the October 7, 1993 hearing:

THE COURT: I just wanted to raise something. When I was going through the pleadings, I couldn't find the notice of the certification—and I did find that. That's why— mainly why I had the recess.

And secondly, Mr. Karim, I normally always ask before the hearing—I think this is the first time I've never asked in all these years—whether you had a parent here. I don't think you have a parent here.

---

1. The manuscript record from the circuit court indicates that the motion was filed on October 7, 1993. The motion prayed that the indictments against appellant be dismissed. However, appellant was not indicted until December 20, 1993. Moreover, defense counsel did not argue the motion at the October 7, 1993 hearing. The discrepancy between the dates, however, has no bearing on the merits of this issue.

FONTE (PROBATION OFFICER): Is your stepmom here?

KARIM (Appellant): I have a stepmom, but she's not here though.

THE COURT: Your dad is living in the District of Columbia?

KARIM: Silver Spring.

THE COURT: Silver Spring, Maryland?

KARIM: Yes, sir.

THE COURT: What is your dad's name?

KARIM: Syed Karim.

THE COURT: Syed Karim?

KARIM: (Nodding head).

THE COURT: Do you have any way we could contact him?

KARIM: Yes, sir. His work number.

THE COURT: Could you give that to Mr. Fonte?

KARIM: (Number given).

THE COURT: Okay. And is he aware of this proceeding?

KARIM: He knows that I went to court last week. He visited me at the Detention Home, and I told him I was going to court someday this week but I wasn't sure what the date was.

THE COURT: Okay. And he just decided not to come or—

KARIM: He didn't know when the exact date was.

The hearing further revealed that appellant's mother lived in Chicago. However, appellant advised the court that he thought his stepmother, Delta Karim, had legal custody of him. She lived in Alexandria, Virginia, and her address and phone number were known to the probation officer.

At the conclusion of the hearing, the Court made the following finding:

THE COURT: All right—I'm going to go ahead and deny Mr. Cassidy's motion to strike, and I will make a finding, for probable cause purposes, that the two delinquent acts did occur.

And I'll make a finding that the requirements of 16.1–269a, section 1, 2 and 3a have been met.[2] And I'm going to continue the case for a transfer report and transfer hearing pursuant to section C of 16.1–269.

After ordering the transfer study, the court scheduled the next hearing for December 2, 1993. On November 12, 1993, Sean Coleman was appointed as appellant's guardian *ad litem.*

On November 30, 1993, Probation Officer Frank A. Fonte typed and filed a transfer study/report with the juvenile court. The front sheet of the report contained the following information:

FATHER: Syeed Kharim, (street address listed)

MOTHER: Anita Kharim, Chicago, Illinois

GUARDIAN: Delta Kharim

ADDRESS: (street address listed)

The record does not contain a transcript of the December 2, 1993 transfer hearing. After the hearing, at which Karim's attorney and guardian *ad litem* were present, the juvenile judge entered a transfer order. The judge checked boxes for the following statements on the preprinted order:

---

2. Code § 16.1–269 deals with the juvenile court's decision whether to retain jurisdiction or transfer jurisdiction to a circuit court so the juvenile can be tried as an adult. The portion of the statute cited by the juvenile judge provides:

A. If a child fifteen years of age or older is charged with an offense which, if committed by an adult, could be punishable by confinement in a state correctional facility, the court shall on motion of the attorney for the Commonwealth and prior to a hearing on the merits, hold a transfer hearing and may retain jurisdiction or transfer such child for proper criminal proceedings to the appropriate circuit court having criminal jurisdiction of such offenses if committed by an adult. Any transfer to the appropriate circuit court shall be subject to the following conditions:

1. The child was fifteen or more years of age at the time the alleged commission of the offense.

2. Notice as prescribed in §§ 16.1–263 and 16.1–264 shall be given to the child and his parent, guardian, legal custodian or other person standing in loco parentis or attorney.

3. The court finds:

a. There is probable cause to believe that the child committed the delinquent act which would be a felony if committed by an adult[.]

The Court finds from the evidence presented that there is probable cause to believe the juvenile committed the delinquent act alleged.

That the child was fifteen or more years of age at the time of the alleged commission of the offense; the child is competent to stand trial; and the interests of the community require that the child be placed under legal restraint or discipline.

the child is charged with an offense (murder, rape, robbery) for which amenability to treatment or rehabilitation as a juvenile is not a factor in this proceeding.

The Court

TRANSFERS and so certifies the child for proper criminal proceedings to the Circuit Court.

On December 20, 1993, the grand jury indicted appellant. On January 28, 1994, appellant filed notice that he intended to argue a number of pretrial motions, including a motion to dismiss the indictment. On February 4, 1994, appellant argued his motion to dismiss. He alleged that the juvenile court never acquired jurisdiction because neither of his parents received proper notice. The trial court denied this motion.

## JURISDICTION AND TRANSFER

■ Code § 16.1–263, governing the institution of proceedings against a juvenile, provides in pertinent part as follows:

A. After a petition has been filed, the court shall direct the issuance of summonses, one directed to the child, if the child is twelve or more years of age, and another to the parents, guardian, legal custodian or other person standing in loco parentis, and such other persons as appear to the court to be proper or necessary parties to the proceedings. The summons shall require them to appear personally before the court at the time fixed to answer or testify as to the allegations of the petition. Where the custodian is summoned and such person is not the parent of the child in question, the parent shall also be served with a summons. The court may direct that other proper or necessary parties

to the proceedings be notified of the pendency of the case, the charge and the time and place for the hearing.

B. The summons shall advise the parties of their right to counsel as provided in § 16.1–266. A copy of the petition shall accompany each summons for the initial proceedings. Notice of subsequent proceedings shall be provided to all parties in interest. In all cases where a party is represented by counsel and counsel has been provided with a copy of the petition and due notice as to time, date and place of the hearing, such action shall be deemed due notice to such party, unless such counsel has notified the court that he no longer represents such party.

\* \* \* \* \* \*

E. No such summons or notification shall be required if the judge shall certify on the record that the identity of a parent or guardian is not reasonably ascertainable. An affidavit of the mother that the identity of the father is not reasonably ascertainable shall be sufficient evidence of this fact, provided there is no other evidence before the court which would refute such an affidavit.

"If a party designated in § 16.1–263A to be served with a summons can be found within the Commonwealth, the summons shall be served upon him in person." Code § 16.1–264. Service on one parent is sufficient in cases of delinquency. *Id.*

If a party designated to be served in § 16.1–263 is within the Commonwealth and cannot be found, but his address is known or can with reasonable diligence be ascertained, the summons may be served upon him by mailing a copy thereof by certified mail return receipt requested. If he is without the Commonwealth but can be found or his address is known, or can with reasonable diligence be ascertained, service of summons may be made either by delivering a copy thereof to him personally or by mailing a copy thereof to him by certified mail return receipt requested.

*Id.*

Code § 16.1-269,[3] relating to the transfer of a juvenile from juvenile court to a circuit court to be tried as an adult, provides, in pertinent part as follows:

A. If a child fifteen years of age or older is charged with an offense which, if committed by an adult, could be punishable by confinement in a state correctional facility, the court shall on motion of the attorney for the Commonwealth and prior to a hearing on the merits, hold a transfer hearing and may retain jurisdiction or transfer such child for proper criminal proceedings to the appropriate circuit court having criminal jurisdiction of such offenses if committed by an adult. Any transfer to the appropriate circuit court shall be subject to the following conditions:

1. The child was fifteen or more years of age at the time of the alleged commission of the offense.

2. Notice as prescribed in §§ 16.1–263 and 16.1–264 shall be given to the child and his parent, guardian, legal custodian or other person standing in loco parentis or attorney.

An important consideration in interpreting the meaning of a statute is whether it is mandatory and jurisdictional or directory and procedural. When asked to decide whether various provisions relating to juvenile transfer proceedings are jurisdictional in nature, the Supreme Court has analyzed the provisions "to determine whether they impart a substantive right to the juvenile or merely impose a procedural requirement." A mandatory provision in a statute is one that connotes a command and the omission of " 'which renders the proceeding to which it relates illegal and void, while a directory provision is one the observance

---

3. In 1994, Code § 16.1–269 was repealed and replaced with Code § 16.1–269.1. One significant change is the placement of a semi-colon before the last two words in subsection (A)(2). Thus, the new statute now reads as follows:

Notice as prescribed in §§ 16.1–263 and 16.1–264 shall be given to the juvenile and his parent, guardian, legal custodian or other person standing in loco parentis; or attorney.

of which is not necessary to the validity of the proceeding; and a statute may be mandatory in some respects, and directory in others.' "

*Cheeks v. Commonwealth,* 20 Va.App. 578, 582–83, 459 S.E.2d 107, 109 (1995) (citations omitted) (holding that failure to give notice denied appellant substantive right to meaningful transfer appeal hearing at which he could present further evidence on issue of transfer; also finding constitutional due process violation).

 "It is clear beyond dispute that the waiver of jurisdiction [by a juvenile court] is a 'critically important' action determining vitally important statutory rights of the juvenile." *Kent v. United States,* 383 U.S. 541, 556, 86 S.Ct. 1045, 1054–55, 16 L.Ed.2d 84 (1966) (holding that the "critically important" decision to try juvenile as adult entitles juvenile to certain procedures and benefits as a consequence of his statutory right to the "exclusive" jurisdiction of the juvenile court).

Notice, to comply with due process requirements, must be given sufficiently in advance of scheduled court proceedings so that reasonable opportunity to prepare will be afforded, and it must 'set' forth the alleged misconduct with particularity.' ... Due process of law requires notice of the sort we have described—that is, notice which would be deemed constitutionally adequate in a civil or criminal proceeding. It does not allow a hearing to be held in which a youth's freedom and his parents' right to his custody are at stake without giving them timely notice, in advance of the hearing, of the specified issues that they must meet.

*In re Gault,* 387 U.S. 1, 33–34, 87 S.Ct. 1428, 1446–47, 18 L.Ed.2d 527 (1967) (footnote omitted).

 The provisions in the Code specifying parents of a juvenile as proper and necessary parties who must receive notice, are mandatory. *See Peyton v. French,* 207 Va. 73, 79, 147 S.E.2d 739, 743 (1966) (construing former Code §§ 16.1–166, 16.1–167, and 16.1–172 [4]). In *French,* petitions were filed

---

**4.** At the time, the relevant Code sections contained the following language:

against a juvenile defendant, and the juvenile judge transferred the case to the circuit court for the defendant to be tried as an adult. The defendant's parents did not receive notice and were not present at the transfer hearing; a guardian *ad litem* had not been appointed. The Supreme Court of Virginia stated:

Since the [juvenile] court did not follow the mandatory requirements of Code §§ 16.1–166, 16.1–167, 16.1–172, 16.1–173 and 16.2–174, *supra*, the petitioner was not afforded a proper hearing under the Juvenile and Domestic Relations Court Law before being sent on to the circuit court to be indicted and tried as an adult.

---

After a petition has been filed and after such further investigation as the court directs, unless the parties hereinafter named voluntarily appear, the court shall issue a summons reciting briefly the substance of the petition or the charge upon which it is alleged that the child is within the purview of this law and requiring all proper or necessary persons to appear personally before the court at a time and place stated. If the person so summoned shall be other than a parent or guardian of a child, then the parent or parents or the guardian or both, if their address be known, shall be notified of the pendency of the case, the charge, and of the time and place appointed for the hearing; provided, however, that no summons or notification shall be required if the judge shall certify on the record that the identity of a parent or guardian is not reasonably ascertainable. Former Code § 16.1–166.

Service of such summons within the county or city shall be made by delivering to and leaving with the person summoned a true copy thereof. When process is required outside the county or city, notice by registered mail with return receipt shall be deemed sufficient notice. If the child mentioned in the petition is present in court, no summons or other notice to the child shall be necessary to give the court jurisdiction of the child. Former Code § 16.1–167.

In no case shall the hearing proceed until the parent or parents of the child, if residing within the State, or person or agency acting in place of parents in case the parents have theretofore been legally deprived of custody of the child, have been notified, unless the judge shall certify on his record that diligent efforts have been made to locate and notify the parent or parents without avail, or unless the court shall certify that no useful purpose would be served thereby because of the conditions set out in § 16.1–166; provided, however, that no such summons or notification shall be required if the judge shall certify on the record that the identity of a parent or guardian is not reasonably ascertainable. Former Code § 16.1–172.

*Id.* at 77, 147 S.E.2d at 742. The Court held that the circuit court's order of conviction was void because the juvenile court failed to give "notice to all proper and necessary parties." *Id.* The Court refused to adopt the Commonwealth's contention "that the statutes relating to proceedings in juvenile courts are procedural and not jurisdictional." *Id.*

> Code § 16.1–158 gives the juvenile court exclusive jurisdiction over the offenses alleged to have been committed by the petitioner, and the clear purpose and intent of the Juvenile and Domestic Relations Court Law cannot be achieved if it is not mandatory that the proceedings set forth in §§ 16.1–164, 16.1–166, 16.1–167, 16.1–172, 16.1–173 and 16.1–176(a) be complied with. Indeed, the very language of the statutes makes it mandatory that the aforementioned statutes be followed before criminal jurisdiction in a proper court of record comes into being.

*Id.* at 79, 147 S.E.2d at 743.

In *Jones v. Commonwealth*, 213 Va. 425, 192 S.E.2d 775 (1972), the defendant collaterally attacked a past conviction that was rendered when he was a juvenile, twenty-two years earlier. Although Jones "conceded the 'possibility' that the juvenile court [might] have appointed a lawyer for him" at the juvenile proceeding, at the hearing to attack the conviction, Jones testified "that his parents were not present and that a guardian *ad litem* was not appointed for him." *Id.* at 426–27, 192 S.E.2d at 777. The applicable juvenile statute at the time of the original prosecution was Code § 63–273 (1948); that Code section used language substantially similar to former Code § 16.1–172, found by the *French* Court to be mandatory. In reversing the conviction, the Court explained:

> [T]he official records of the court are completely silent as to any notification of the parents, certification by the judge as to such notification, the presence of the parents at the trial, the appointment of a probation officer or guardian *ad litem*

to represent defendant, and the presence of either of the latter two at the trial.

*Jones,* 213 Va. at 427, 192 S.E.2d at 777.

The Court noted that, although "significant changes in philosophy regarding juvenile proceedings have taken place since" the defendant's original trial, "the requirement that the parents of an infant defendant charged with a crime have notification of the time and place of his trial and an opportunity to be present has remained constant." *Id.* at 427–28, 192 S.E.2d at 777.

In *Turner v. Commonwealth,* 216 Va. 666, 222 S.E.2d 517 (1976), after a juvenile petition was filed, the juvenile defendant and the defendant's father appeared before the juvenile court for a detention hearing on October 7, 1974. On October 8, 1974, the juvenile judge appointed an attorney for the juvenile defendant, who was " 'notified of [the transfer] hearing date.' The record fail[ed] to show, however, that any *written* notice of the time, place, and purpose of the October 24 [transfer] hearing was given the defendant, his parents, or his attorney." *Id.* at 667, 222 S.E.2d at 518. Turner, his attorney, and his parents were present at the transfer hearing.

Turner argued that "the circuit court lacked jurisdiction to try him because notice in writing of the transfer hearing was not given him, his parents, or his attorney." The Court noted that "the *form* of notice and the *method* of giving notice are ordinarily considered matters of procedural and not substantive due process." *Id.* at 668, 222 S.E.2d at 519. Because the form of the notice was procedural rather than jurisdictional, and because the parents were present at the hearing, the Court held that "any departure from" the requirement of written notice could "be cured or waived by *the appearance of proper and necessary parties.*" *Id.* (emphasis added). *Turner,* however, is distinguishable from the present case because neither appellant's parent nor legal guardian was given proper notice or was present at the hearing.

The record clearly shows that, on October 7, 1993, the juvenile judge knew appellant's father's Maryland address, and knew that the father had recently visited his son in jail. The juvenile judge had evidence that appellant's stepmother was his guardian, and knew her Virginia address. Despite having this information, the juvenile judge failed to give notice to the father or stepmother, but instead determined probable cause and ordered a transfer report. Without notice to a parent or guardian, the transfer report could not include any input from them.

Although the transfer order entered by the juvenile judge on December 2, 1993, declared that the hearing "was conducted pursuant to proper notice pursuant to Va.Code §§ 16.1–263 and 16.1–264 to the juvenile, the juvenile's parents, guardian, legal custodian or other person standing in loco parentis or attorney," the record fails to establish that the juvenile proceedings against appellant were properly initiated or that the October 7, 1993 probable cause hearing was conducted pursuant to proper notice.

The record does not show that appellant's parent or legal guardian was present on October 7, 1993 or that the juvenile judge redetermined probable cause on any subsequent date. Instead, the record shows that, on December 2, 1993, the juvenile judge merely continued where he left off after the October 7, 1993 proceeding in which he found probable cause. In other words, on December 2, 1993, the court used the earlier-requested transfer report, found appellant to be non-amenable to treatment as a juvenile, and transferred jurisdiction to the circuit court. Therefore, the avowal in the December 2, 1993 order that proper notice had been given was belied by the absence of evidence that the juvenile judge attempted to excuse or correct the earlier failure to give proper notice prior to finding probable cause and transferring to the circuit court.

Based on *French, Jones,* and *Cheeks,* we find that compliance with the Code sections at issue here, relating to procedures for instituting proceedings against juveniles and

for transferring jurisdiction to a circuit court, are mandatory and jurisdictional. The failure to strictly follow the notice procedures contained in the Code denied appellant a substantive right and the constitutional guarantee of due process.

■ The record failed to establish that appellant's parent and guardian, who were proper and necessary parties, were properly given notice. The juvenile judge did not certify on the record that the identity of a parent or guardian was not reasonably ascertainable. Therefore, the juvenile court did not acquire jurisdiction. Because it did not possess jurisdiction, the juvenile court lacked authority to transfer the case to the circuit court, and, consequently, the circuit court lacked jurisdiction to try appellant as an adult. *See State v. Taylor,* 26 Ohio App.3d 69, 498 N.E.2d 211 (1985) (reversing and remanding adult conviction where failure to give notice to parent of juvenile proceeding resulted in due process violation; appellate court held that juvenile court was without jurisdiction to effect transfer of jurisdiction to adult trial court).

Because the circuit court had no jurisdiction, we vacate the order of conviction and remand the case to the circuit court with instructions to remand the case to the juvenile court for further proceedings against appellant as are appropriate and consistent with this opinion, if the Commonwealth be so advised.

We summarily address appellant's other two issues in light of our finding that the circuit court convictions were void.

### DOUBLE JEOPARDY

■ The remedy available when a defendant successfully establishes, after conviction, that exculpatory evidence was improperly withheld is a new trial. *See Stockton v. Commonwealth,* 227 Va. 124, 151, 314 S.E.2d 371, 386, *cert. denied,* 469 U.S. 873, 105 S.Ct. 229, 83 L.Ed.2d 158 (1984); *Cherricks v. Commonwealth,* 11 Va.App. 96, 102, 396 S.E.2d 397, 400–01 (1990) (reversing conviction and remanding for new trial, stating that when Commonwealth elects to withhold

exculpatory evidence claiming it is not material, it does so at risk that conviction will be invalidated).

■ The United States Supreme Court "has consistently held that the Double Jeopardy Clause imposes no limitation upon the power of the government to retry a defendant who has succeeded in persuading a court to set his conviction aside, unless the conviction has been reversed because of the insufficiency of the evidence." *Oregon v. Kennedy*, 456 U.S. 667, 676 n. 6, 102 S.Ct. 2083, 2089–90 n. 6, 72 L.Ed.2d 416 (1982) (citing *United States v. DiFrancesco*, 449 U.S. 117, 130–31, 101 S.Ct. 426, 433–34, 66 L.Ed.2d 328 (1980)). " 'It is traditional learning that the defendant who appeals a conviction and secures a reversal is generally subject to retrial for the offense involved in the appeal.' " *Gorham v. Commonwealth*, 15 Va.App. 673, 676, 426 S.E.2d 493, 495 (1993) (citation omitted) (trial judge set aside conviction where he acknowledged reversible error in instructing jury). *See also North Carolina v. Pearce*, 395 U.S. 711, 719–20, 89 S.Ct. 2072, 2077–78, 23 L.Ed.2d 656 & nn. 15–16 (1969) (Fifth Amendment "imposes no limitations whatever upon the power to retry a defendant who has succeeded in getting his first conviction set aside").

Because appellant's first trial was completed and ended in a conviction, and was not set aside because of insufficient evidence, his retrial was not barred by the Double Jeopardy Clause. He gained the proper remedy available in such a situation, namely, a new trial. Therefore, his double jeopardy argument is inapplicable to these facts.

■ Moreover, the circuit court never acquired jurisdiction over appellant. Therefore, all proceedings against him were void. *See French*, 207 Va. at 79–80, 147 S.E.2d at 743 (because circuit court derived its jurisdiction through actions by juvenile court, juvenile court's failure to follow mandatory provisions voided circuit court proceedings); *see also Morrison v. Bestler*, 239 Va. 166, 170, 387 S.E.2d 753, 755–56 (1990) (judgment on merits made without subject matter jurisdiction is null and void); *Gregory v. Peyton*, 208 Va. 157, 159–60, 156 S.E.2d 624, 625 (1967) (approving and applying *French* ).

Because he was never placed in jeopardy at the first trial, which was a nullity, a second proceeding will not place him twice in jeopardy.

## MOTION FOR MISTRIAL

After one of the victims (Barnhart) testified, the trial judge found that the Commonwealth withheld information about the witness that defense counsel had a right to know. As a result, the trial judge suppressed the victim's identification testimony and instructed the jury to disregard it. Should appellant face another trial, the same issue will not arise because appellant now is aware of the information.

## CONCLUSION

The juvenile court failed to comply with the mandatory statutory and constitutional procedures for initiating proceedings against appellant, a juvenile at the time of the offense. As such, the circuit court never acquired jurisdiction in this matter, and its orders are void. Consequently, we vacate the orders of conviction and remand to the circuit court with instructions to remand to the juvenile court for proper and appropriate proceedings consistent with this opinion.

*Vacated and remanded.*