COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Annunziata and Overton
Argued at Richmond, Virginia


ROBERT DALE WEBB
                                        MEMORANDUM OPINION* BY
v.          Record No. 2705-95-2        JUDGE NELSON T. OVERTON
                                             FEBRUARY 11, 1997
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                      Donald W. Lemons, Judge

           Cullen D. Seltzer, Assistant Public Defender
           (David J. Johnson, Public Defender, on
           briefs), for appellant.

           Kathleen B. Martin, Assistant Attorney
           General (James S. Gilmore, III, Attorney
           General, on brief), for appellee.


     Robert Dale Webb was convicted in a bench trial on two

counts of sodomy against a minor child and two counts of

aggravated sexual battery.  He appeals on the ground that the

trial court erred by denying his motion for a jury trial.  We

agree and reverse his convictions.

     The parties are fully conversant with the record in the

cause, and because this memorandum opinion carries no

precedential value, no recitation of the facts is necessary.

     From the preliminary hearing in late February 1995 to the

ultimate trial on August 31, 1995, Webb had approximately ten

appearances before the court, either in person or by counsel.  In

early appearances, Webb's counsel represented to the court that

_____
     *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Webb was not asking for a jury trial and she later confirmed that it was to be a non-jury trial. Assuming arguendo that counsel's statements constituted a knowing and voluntary waiver, but see Carney v. Cochran, 369 U.S. 506, 516 (1962), Webb withdrew that waiver at a hearing on May 10. At that time, the judge accepted that withdrawal, and stated that the court would not waive a jury either. See Thomas v. Commonwealth, 218 Va. 553, 555, 238 S.E.2d 834, 835 (1977) (stating that permission to withdraw a waiver of jury trial is within the discretion of the court).

Webb did not personally appear after that date. The record indicates no subsequent waiver of his right to a jury in any form. Any off-the-record agreements that the Commonwealth and counsel for the defense made cannot bind the defendant to a waiver. Even if it existed in fact, such a situation would not be a knowing and voluntary waiver. See Carney, 369 U.S. at 516. Denying the defendant's motion for a jury trial on August 31 was thus reversible error.

When a defendant succeeds in persuading a court to set aside his conviction, the government may retry that defendant, unless the conviction was reversed because of the insufficiency of the evidence. See Karim v. Commonwealth, 21 Va. App. 652, 669, 466 S.E.2d 772, 780-81 (1996); see also North Carolina v. Pearce, 395 U.S. 711, 719-20 (1969). We therefore remand the case to be retried if the Commonwealth be so advised.

Reversed and remanded.